

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TAWANAKA TATE,<br>　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH CAROLINA DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>　　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:21-1804-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tawanaka Tate (Tate) filed this lawsuit against her former employer, Defendant South Carolina Department of Health and Human Services (SCDHHS), alleging claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting's SCDHHS's motion for summary judgment be granted as to both of Tate's claims. The Magistrate Judge submits the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 31, 2022, Tate filed her objections on April 14, 2022, and SCDHHS filed its reply on April 27, 2022.  The Clerk of Court subsequently reassigned the case to this Court on August 11, 2022.  The Court has carefully reviewed Tate's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Tate, an African American woman, worked at SCDHHS from 2007 to 2021.  Her claims of race discrimination and retaliation are based on her being denied several promotions.  Before being denied the promotions, Tate's performance reviews were positive or satisfactory, she participated in a pilot program, and obtained a master's degree.

Tate filed a charge of discrimination in 2015 with the South Carolina Human Affairs Commission (the Commission) in which she alleged race discrimination because she had been denied several promotions.  But, she did not file a lawsuit as to that charge.

Then, in 2019, Tate filed an internal grievance with SCDHHS's human resources department over the denial of promotions.  SCDHHS responded, however, that the denial of promotions is not a grievable action under state policy.

Tate filed another charge of discrimination in 2020 with the Commission, claiming that she was subjected to race discrimination and retaliation.  Her charge was based on several denied promotions.  After the Commission issued a right-to-sue letter, Tate filed this action.  Around the same time, she resigned from SCDHHS.

As the Court stated above, the Magistrate Judge suggests the Court grant SCDHHS's motion for summary judgment as to both of Tate's claims.  Tate lodges two objections to the Report.

First, she "objects to the [Magistrate Judge's] finding that [she] cannot produce evidence that she was qualified for the position[s] to which she applied and cannot produce evidence that an inference of discrimination exists." Objections at 3 (emphasis omitted).

Tate, in conclusory fashion, insists she was qualified for the promotions she sought. But, SCDHHS concluded otherwise; and "Title VII is not a vehicle for substituting the judgment of a court for that of the employer." *Jiminez v. Mary Washington College*, 57 F.3d 369, 377 (4th Cir. 1995).

But, even if Tate "was qualified for the position[s] to which she applied[,]" she is, nevertheless, unable to show that she has "produce[d] evidence that an inference of discrimination exists." Objections at 2 (emphasis omitted).

In attempting to meet that burden, however, Tate points to three women she suggests were similarly situated to her, but were treated more favorably: Angie Reames (Reames), Carla Shelley (Shelley), and Jennifer Barwick (Barwick).

To make out a discrimination claim, Tate must demonstrate that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for his job; (3) [s]he suffered an adverse employment decision; and (4) [s]he was . . . treated differently than similarly situated non-protected employees." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008) (citation omitted). Although Tate points to Reames as being similarly situated to her, Reames, like Tate, is an African American. Thus, Reames fails to meet the "non-protected employee" requirement in the fourth element described above. As such, with Reames, Tate is unable to establish that she "was . . . treated differently than similarly situated non-protected employees." *Id*.

But, as the Court stated above, Tate also maintains Shelley and Barwick, two Caucasian employees who, according to Tate, had less experience than Tate, were also treated better than she was. A "variety of factors are considered when determining whether a comparator is similarly

situated[.]" *Spencer v. Virginia State University*, 919 F.3d 199, 207 (4th Cir. 2019) (citation omitted) (internal quotation marks omitted).  Although "there is no bright-line rule for what makes two jobs 'similar' under Title VII, courts consider whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications—provided the employer considered these latter factors in making the personnel decision." *Id*. (citation omitted) (internal quotation marks omitted).

Suffice to say, Tate fails to provide sufficient evidence demonstrating that Shelley and Barwick were similarly situated such that they could serve as valid comparators.

Accordingly, for these reasons, the Court will overrule Tate's first objection to the Report.

Second, Tate "objects to the [Magistrate Judge's] finding that [she] [c]annot show that her lack of promotion was caused by protected activities."  Objections at 3 (emphasis omitted).

To establish a prima facie case of Title VII retaliation, the employee must show: "(1) that [she] engaged in protected activity, (2) that the employer took a materially adverse action against [her,] and (3) there is a causal connection between the protected activity and the adverse action." *Perkins v. Int'l Paper Co*., 936 F.3d 196, 213 (4th Cir. 2019).

To establish the necessary causation for a retaliation claim, "the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998) (emphasis omitted). Nevertheless, "establishing a causal relationship at the prima facie stage is not an onerous burden." Strothers, 895 F.3d at 335 (citation omitted) (internal quotation marks omitted).

According to Tate, a former human resources employee, Kim Backman, who was later transferred to be the hiring manager for one of the positions Tate sought "would . . . be aware of any grievances filed by [her] as they maintain a file of such activity and respond to the discrimination complaints." Objections at 7. But, besides this bald assertion, Tate fails to point to any evidence that Backman was actually aware of Tate's grievance.

As the Magistrate Judge observed, "Tate's speculation that Backman could have known about the grievance due to her position in human resources is not sufficient to establish the causation element of a retaliation claim." Report at 9. This is so because "actual knowledge is required to establish a Title VII retaliation claim[,]" *Roberts v. Glenn Industrial Group, Inc.*, 998 F.3d 111, 125 (4th Cir. 2021). Constructive knowledge is insufficient. *Id*. "Tate points to no [other] evidence in the record that any SCDHHS official responsible for making promotion decisions was aware that Tate filed charges of discrimination or an internal grievance." Report at 8.

Tate also makes conclusory statement that she was more qualified than others who were chosen for promotions. But, it is outside the province of this Court to make such determinations inasmuch as it "does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted).

Consequently, the Court will also overrule Tate's second objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Tate's objection, adopts the Report, and incorporates it herein. Accordingly, it is the judgment of this Court SCDHHS's motion for summary judgment is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 25th day of August, 2022, in Columbia, South Carolina.

                                    /s/ Mary Geiger Lewis
                                    MARY GEIGER LEWIS
                                    UNITED STATES DISTRICT JUDGE